WEIMER, J., additionally concurring.
I believe that the defendant in this matter should serve a lengthy sentence; however, the Louisiana Constitution prohibits the imposition of an excessive sentence. See La. Const. Art. I, § 20 ("No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.").
GUIDRY, J., dissents and assigns reasons.
I respectfully dissent from the majority's decision to grant this writ application and remand this matter to the district court for sentencing. I would not find the defendant's sentence unconstitutionally excessive in light of the facts of the present offense and the defendant's criminal history. Thus, I would find the district court did not abuse its wide sentencing discretion.
In this case, a Lafourche Parish jury found the defendant guilty of obscenity, a violation of La. R.S. 14:106(A)(1), for masturbating in the presence of a female corrections officer as she conducted a nightly security check in the cellblock where the defendant was housed awaiting trial. The court of appeal summarized the facts as follows:
On December 19, 2014, Officer Sheena Hill, a corrections officer at the Lafourche Parish Detention Center, was conducting her nightly security check when she came in contact with the defendant, an inmate at the facility. Officer Hill, as required of female officers, announced her presence by saying "female" or "female on the block" as she entered Block F, where the defendant was housed. Officer Hill testified that the purpose of the announcement is to alert an inmate that a female officer is approaching in order to allow them to get dressed or cover themselves to avoid exposure to the officer. The announcement was made approximately thirty feet from the third cell on the catwalk, where the defendant was located at the time (one cell over from the fourth cell where he was assigned). As she proceeded down the catwalk performing the security check, Officer Hill used a device called a guardian to scan inmate identification tags and report inmate activities. When Officer Hill approached cell three, the defendant was lying in bed two masturbating, with his penis exposed and a towel over his eyes. The defendant had a sheet hanging from the bunkbed, blocking the view of the other inmate in the cell, but allowing a full view from the catwalk. After Officer Hill addressed the defendant, he removed the towel from over his eyes, slightly held his head up to make eye contact with the officer, then put his head back down and continued masturbating. Officer Hill immediately used the guardian to document the defendant's activity as "Masturbating,"
*1255 and reported the incident to her lieutenant after completing her rounds.
State v. Thompkins , 18-0397, p. 1 (La. App. 1 Cir. 12/6/18), 2018 WL 6381909, pp. 2-3 (unpublished) (citing State v. Thompkins , 17-0210, pp. 2-3 (La. App. 1 Cir. 9/21/17), 232 So.3d 40, 40-41 ).
I do not find these facts significantly less egregious than those set forth in the cases cited by the majority. See Ante , p. 1253 n. 2. Indeed, the district court before even entertaining the State's habitual offender bill of information found the defendant's conduct serious enough to warrant the maximum sentence as a first offender, that is, three years at hard labor. See La. R.S. 14:106(G)(1).[1] Moreover, it is the defendant's criminal history that results in the enhancement of his sentence under the habitual offender law, La. R.S. 15:529.1, and not necessarily the seriousness of the most recent offense. Here, the defendant was adjudicated a fourth or subsequent felony habitual offender in accordance with La. R.S. 15:529.1(A)(4)(a) (prior to amendment by 2017 La. Acts Nos. 257, § 1 and 282, § 1).[2] This adjudication was based upon the following convictions:
Predicate #1 : February 27, 1997 guilty plea under 32nd Judicial District Court, Docket No. 261,280, to Second Degree Battery.
Predicate #2 : October 30, 1998 guilty plea under 17th Judicial District Court, Docket No. 308,111, to Possession of Cocaine.
Predicate #3 : May 4, 1999 guilty plea under 17th Judicial District Court, Docket No. 314,377, to Possession of Cocaine.
Predicate #4 : March 20, 2002 guilty plea under 17th Judicial District Court, Docket No. 364,121, to Distribution of Cocaine.
Predicate #5 : March 15, 2011 guilty plea under 17th Judicial District Court, Docket No. 492,385, to Possession of Cocaine.
Predicate #6 : December 3, 2015 guilty plea under 12th Judicial District Court, Docket No. 186,342, to Battery of a Correctional Officer.
See State v. Thompkins , 18-0397, p. 1 n. 1, 2018 WL 6381909, p. 2 n. 1.
The trial judge, as the court of appeal noted, found the defendant's sentence appropriate "considering the duration of his criminal history, the types of crimes that occurred with a minimum of a crime of violence and a weighted or heightened crime and a battery on a correctional officer ...." State v. Thompkins , 18-0397, p. 3, 2018 WL 6381909, p. 6. The trial judge further reasoned:
*1256 [B]asically in a 20 to 22-year period of time from the alleged offense date of the second degree battery in 1995 to today's date with approximately 22 years passing, there was only approximately two years during that entire time and maybe a little bit more, two years, maybe four months, during that entire period of time where [the defendant] was either not incarcerated as a result of a pending charge, or serving time on an executed sentence, or was paroled out of serving time on a sentence, or was under probation after receiving a sentence which resulted in his release and being placed on a probationary status.
State v. Thompkins , 18-0397, p. 3, 2018 WL 6381909, p. 7. Thus, the trial court considered the defendant's extensive criminal history when he determined the appropriate sentence, and not simply the circumstances of the defendant's most recent offense.
Under these facts, I would not find either that the trial court abused its sentencing discretion or that it imposed an unconstitutionally excessive sentence.
CLARK, J., would deny.

La. R.S. 14:106(G)(1) provides that "[e]xcept as provided in Paragraph (5) of this Subsection, on a first conviction, whoever commits the crime of obscenity shall be fined not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisoned, with or without hard labor, for not less than six months nor more than three years, or both."

La. R.S. 15:529.1 (prior to amendment by 2017 La. Acts Nos. 257, § 1 and 282, § 1) provides in pertinent part:
A. Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * * *
(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]